1 | McGREGOR W. SCOTT
United States Attorney
2 | MARY L. GRAD
Assistant U.S. Attorneys
3 | 501 "I" Street, Suite 10-100
Sacramento, California 95814
4 | Telephone: (916) 554-2700

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11 | UNITED STATES OF AMERICA,        )
                                    )
12 |            Plaintiff,           )     CR-S-05-0113 LKK
                                    )
13 |      v.                         )     APPLICATION FOR ORDER
                                    )     REGARDING CRIMINAL FORFEITURE
14 | SERGIO CURIEL SR.,              )     OF PROPERTY IN GOVERNMENT
    CELINA CURIEL,                  )     CUSTODY - 18 U.S.C. §
15 | SERGIO CURIEL JR.,              )     983(a)(3)(B)(ii)(II)
    JOSE LUIS CURIEL,               )
16 | EDUARDO PRICE CURIEL,           )
    JESUS TAMAYO TAMAYO,            )
17 | TERESA ISORDIA,                 )
    RAQUEL MONTANEZ ALCAZAR, and    )
18 | RUBEN MONTANEZ,                 )
                                    )
19 |            Defendants.          )
    _____)
20

21       The United States of America, through its counsel, hereby

22 moves for an order allowing the government to maintain custody of

23 property already in the government's possession pending the

24 resolution of a criminal forfeiture matter.  The grounds for the

25 motion are as follows:

26       On or about March 10, 2005, law enforcement agents from the

27 Drug Enforcement Administration ("DEA") along with other law

28 enforcement officers executed federal search warrants at various

locations.  During the search of one of the residences, agents
located a safe deposit key inside Celina Curiel's purse.  DEA
agents seized the following assets on or about March 10, 2005
during the execution of the federal search warrants:

> a).  Approximately $138,000 in U.S. Currency seized on or
>       about March 10, 2005, from Bank of Stockton Safe
>       Deposit Box 289;
>
> b).  Approximately $75,000 in U.S. Currency seized from a PT
>       Cruiser, California License Number 5KAV268 at the
>       residence located at 2249 Somerset Avenue, Stockton,
>       CA, on or about March 10, 2005;
>
> c).  Approximately $923 in U.S. Currency seized from the
>       residence located at 2217 Somerset Drive, Stockton, CA,
>       on or about March 10, 2005; and
>
> d).  A man's 18K Rolex Oyster Watch seized from the
>       residence located at 2217 Somerset Drive, Stockton, CA,
>       on or about March 10, 2005.

Hereinafter, the above-referenced assets are collectively
referred to as the "seized assets".

In accordance with 18 U.S.C. § 983(a)(1), the DEA sent
notice to defendants Sergio Curiel Sr., Celina Curiel, Jesus
Tamayo, Sergio Curiel Jr., Eduardo Curiel, Jose Luis Curiel and
Teresa Isordia Sandoval of its intent to forfeit the seized
assets in a non-judicial forfeiture proceeding, and caused that
notice to be published in a newspaper of general circulation.

On or about May 24, 2005, defendant Sergio Toscano Curiel
filed a claim contesting the administrative forfeiture of assets
a, c, and d above pursuant to 18 U.S.C. § 983(a)(2).  On or about
May 24, 2005, defendant Celina Curiel filed a claim contesting
the administrative forfeiture of assets b and d above pursuant to
18 U.S.C. § 983(a)(2).

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90

days in which to 1) return the property to the defendant, 2)
commence a civil judicial forfeiture action, or 3) commence a
criminal forfeiture action by including the seized assets in a
criminal indictment.  On July 28, 2005, the Government elected
the third option when it filed a Superseding Indictment
containing a forfeiture allegation concerning the seized assets.
That Superseding Indictment is now pending in this Court.

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when
the government elects the third option, it must "take the steps
necessary to preserve its right to maintain custody of the
property as provided in the applicable criminal forfeiture
statute".  The applicable forfeiture statute in this case is 21
U.S.C. § 853.  That statute prescribes several methods for
preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure
warrant.  However, in cases like this one, where the property in
question is already in Government custody, it is not appropriate
for a court to issue a seizure warrant directing the Government
to seize property from itself.  In turn, Section 853(e)
authorizes the court to issue a restraining order or an
injunction to preserve the property for forfeiture.  However,
that provision is not pertinent because there is no need to
enjoin the government from disposing of property that the
government has taken into its custody for the purpose of
forfeiture, and that the Government intends to preserve for that
purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take
any other action to preserve the availability of property"

1 │ subject to forfeiture.  The government contends that this

2 │ provision applies in circumstances where, as here, the government

3 │ has already obtained lawful custody of the seized assets pursuant

4 │ to federal search warrants, and the government seeks to comply

5 │ with Section 983(a)(3)(B)(ii)(II).  Thus, all that is required to

6 │ comply with Section 983(a)(3)(B)(ii)(II) is an order from this

7 │ Court stating that the United States and its agencies, including

8 │ DEA and/or the United States Marshals Service, may continue to

9 │ maintain custody of the seized assets until the criminal case is

10 │ concluded.

11 │     Accordingly, pursuant to Section 853(e)(1), the United

12 │ States respectfully moves this court to issue an order directing

13 │ that the United States may maintain custody of the seized assets

14 │ through the conclusion of the pending criminal case, and stating

15 │ that such order satisfies the requirements of 18 U.S.C.

16 │ § 983(a)(3)(B)(ii)(II).

17 │ DATED:10/11/05          McGREGOR W. SCOTT
   │                        United States Attorney

18 │

19 │                   By: /s/ Mary L. Grad
   │                        MARY L. GRAD

20 │                        Assistant U.S. Attorney

21 │

22 │                        **ORDER**

23 │     This matter comes before the Court on the motion of the

24 │ United States for an Order authorizing the government and its

25 │ agencies to maintain custody of certain property pending the

26 │ conclusion of the pending criminal case.  For the reasons

27 │ provided in the government's motion, the Court makes the

28 │ following orders:

4

IT IS HEREBY ORDERED, that the United States and its agencies, including the DEA and/or the U.S. Marshals Service, are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

a). Approximately $138,000 in U.S. Currency seized on or about March 10, 2005, from Bank of Stockton Safe Deposit Box 289;

b). Approximately $75,000 in U.S. Currency seized from a PT Cruiser, California License Number 5KAV268 at the residence located at 2249 Somerset Avenue, Stockton, CA, on or about March 10, 2005;

c). Approximately $923 in U.S. Currency seized from the residence located at 2217 Somerset Drive, Stockton, CA, on or about March 10, 2005; and

d). A man's 18K Rolex Oyster Watch seized from the residence located at 2217 Somerset Drive, Stockton, CA, on or about March 10, 2005.

IT IS SO ORDERED.

DATED: October 12 ,2005                    /s/ Lawrence K. Karlton
                                           LAWRENCE K. KARLTON
                                           UNITED STATES DISTRICT JUDGE