McGREGOR W. SCOTT
United States Attorney
MARY L. GRAD
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2763

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. S-05-113-LKK |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE RE: REAL AND |
| v. | ) | PERSONAL PROPERTY OF |
| | ) | DEFENDANTS SERGIO CURIEL, |
| SERGIO CURIEL, SR., and | ) | SR. AND CELINA CURIEL |
| CELINA CURIEL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Based upon the plea agreements entered into between plaintiff United States of America and defendants Sergio Curiel, Sr. and Celina Curiel, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.  Pursuant to 21 U.S.C. § 853(a), defendants Sergio Curiel, Sr. and Celina Curiel's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

a)  Real property located at 2249 Somerset Drive, Stockton, CA, APN: 171-280-41;

b)  Real property located at 451 W. 9th Street, Stockton, CA, APN: 165-183-19;

c)  Approximately $138,000.00 in U.S. Currency seized on

1     or about March 10, 2005 from Bank of Stockton Safe Deposit Box #289;

2

3     d)  Approximately $75,000.00 in U.S. Currency seized from a PT Cruiser, California License Number 5KAV268 at the residence located at 2249 Somerset Avenue, Stockton, California on or about March 10, 2005, and

4

5     e)  Approximately $923.00 in U.S. Currency seized from the residence located at 2217 Somerset Drive, Stockton, California on or about March 10, 2005.

6

7     2.  The above-listed property constitutes, or is derived from,

8 proceeds obtained, directly or indirectly, or was used or intended

9 to be used, in any manner or part, to commit, or to facilitate the

10 commission of a violation of 21 U.S.C. §§ 841(a)(1) and/or

11 856(a)(2).

12     3.  Pursuant to Rule 32.2(b), the Attorney General (or a

13 designee) shall be authorized to seize the above-described property.

14 That the aforementioned property shall be seized and held by the

15 United States Marshals Service, in its secure custody and control.

16     4.  a.  Pursuant to 21 U.S.C. § 853(n) and Local Rule 83-171,

17 the United States forthwith shall publish at least once for three

18 successive weeks in the <u>Stockton Record</u> (San Joaquin County), a

19 newspaper of general circulation located in the county in which the

20 above-described property is located or was seized, notice of this

21 Order, notice of the Attorney General's intent to dispose of the

22 property in such manner as the Attorney General may direct, and

23 notice that any person, other than the defendants, having or

24 claiming a legal interest in the above-listed property must file a

25 petition with the Court within thirty (30) days of the final

26 publication of the notice or of receipt of actual notice, whichever

27 is earlier.

28       b.  This notice shall state that the petition shall be for

a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the property and any additional facts supporting the petitioner's claim and the relief sought.

    c.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5.  If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(a) in which all interests will be addressed.

SO ORDERED this 1st day of November, 2006.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3