MCGREGOR W. SCOTT
United States Attorney
MARY L. GRAD
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-S-05-113-LKK |
| | ) | |
| Plaintiff, | ) | STIPULATION FOR EXPEDITED |
| | ) | SETTLEMENT AGREEMENT |
| v. | ) | AND ORDER THEREON |
| | ) | |
| SERGIO CURIEL, SR., and | ) | |
| CELINA CURIEL, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| LLOYD ST. MARY and BOBBIE JEAN | ) | |
| ST. MARY, | ) | |
| | ) | |
| Petitioners. | ) | |
| _____ | ) | |

IT IS HEREBY STIPULATED by and between plaintiff United States of America and petitioners, Lloyd St. Mary and Bobbie Jean St. Mary, to compromise and settle their interest in the following property (hereinafter, the "Property"):

Real property located in San Joaquin County at 451 W. 9th Street, Stockton, California, Assessor's Parcel Number 165-183-19, and more fully described as:

LOT FOUR (4) OF CRABB TRACT, ACCORDING TO THE OFFICIAL MAP THEREOF FILED FOR THE RECORD OCTOBER 11, 1916 IN VOL. 8 OF MAPS AND PLATS, PAGE 8, SAN JOAQUIN COUNTY RECORDS.

1

This stipulated settlement is entered into between the parties pursuant to the following terms:

1.   The parties to this Agreement hereby stipulate that Lloyd St. Mary and Bobbie Jean St. Mary had a prior vested or superior interest in the Property or were bona fide purchasers for value of the right, title, or interest in the Property.

2.   The United States agrees that upon entry of a Final Order of Forfeiture forfeiting the Property to the United States and sale of the Property pursuant to the Final Order of Forfeiture, the United States will not contest payment to Lloyd St. Mary and Bobbie Jean St. Mary from the proceeds of the sale, after payment of outstanding taxes and expenses incurred by the United States Marshals Service in connection with its custody and sale of the Property, of the following:

> a.   All unpaid principal due to the petitioners under the Deed of Trust recorded in San Joaquin County, California, as instrument number 95029540, and dated March 30, 1995 and recorded on March 31, 1995.  Said Deed of Trust secured an Installment Note in the original amount of $50,000.00 dated March 30, 1995.  As of November 6, 2006, the principal balance due and owing on the Note was $24,039.92, together with accrued interest, including, but not limited to, insurance premiums and property taxes, if any, advanced under the terms of the Deed of Trust.

> b.   All unpaid interest at the contractual base rate (not the default rate) under the above Note, secured by

1          the Deed of Trust, as of October 1, 2006, interest is

2          9% per annum, until the date of payment.

3     c.   Reasonable attorney's fees not to exceed $2,000.00.

4     d.   A total fee of not more than $200 to process a

5          beneficiary demand statement and to record a

6          reconveyance of the Deed of Trust.

7     e.   The exact amount to be paid to Lloyd St. Mary and

8          Bobbie Jean St. Mary shall be determined at the time

9          of payment, but shall not be less than the amounts

10         set forth above.

11    3.   The payment to petitioners Lloyd St. Mary and Bobbie Jean

12 St. Mary shall be in full settlement and satisfaction of all claims

13 by Lloyd St. Mary and Bobbie Jean St. Mary to the Property indicted

14 by the United States on or about March 17, 2005, and of all claims

15 arising from and relating to the seizure, detention, and forfeiture

16 of the Property.  The payment to Lloyd St. Mary and Bobbie Jean St.

17 Mary shall not include any penalty payments, including any

18 prepayment penalties.

19    4.   Upon payment, Lloyd St. Mary and Bobbie Jean St. Mary agree

20 to assign and convey their security interest to the United States

21 via recordable documents and to release and hold harmless the United

22 States, and any agents, servants, and employees of the United States

23 (and any involved state or local law enforcement agencies and their

24 agents, servants, or employees), in their individual or official

25 capacities, from any and all claims that currently exist or that may

26 arise as a result of the Government's actions against and relating

27 to the Property.  As against the United States and its agents,

28 petitioners Lloyd St. Mary and Bobbie Jean St. Mary agree to waive

the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

5.  Petitioners agree not to pursue against the United States any other rights that they may have under the installment note and/or Deed of Trust, including, but not limited to, the right to foreclose upon and sell the Property during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the Property, and any right to assess additional interest or penalties except as specifically allowed herein.

6.  Petitioners understand and agree that by entering into this expedited settlement of their interest in the Property, they waive any right to litigate further their interest in the Property and to petition for remission or mitigation of the forfeiture.  Thereafter, if this Agreement is approved by the Court, then unless specifically directed by an order of the Court, Lloyd St. Mary and Bobbie Jean St. Mary shall be excused and relieved from further participation in this action.

7.  Petitioners understand and agree that the United States reserves the right to void the expedited settlement agreement if, before payment of the installment note or lien, the U.S. Attorney obtains new information indicating that the petitioners are not "innocent owners" or "bona fide purchasers" pursuant to the applicable forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time

4

and release the Property.  In either event, the Government shall promptly notify the petitioners of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees.

8.   The parties agree to execute further documents, to the extent necessary, to convey clear title to the Property to the United States and to implement further the terms of this settlement. Each party agrees to bear its own costs and attorneys' fees, except as otherwise set forth herein.

9.   Payment to the petitioners pursuant to this settlement agreement is contingent upon a forfeiture of the Property to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of a Final Order of Forfeiture.  Further, the terms of this settlement agreement shall be subject to approval by the United States District Court.  Violation of any term or condition herein shall be construed as a violation of an order of the Court.

10.   Counsel for Lloyd St. Mary and Bobbie Jean St. Mary

///
///
///
///
///
///
///
///
///
///

1 | represents that he has authority to enter into this stipulation on
2 | behalf of his clients.
3 | Dated: _2/21/07_                        McGREGOR W. SCOTT
                                            United States Attorney
4 |
5 |                                         /s/ Mary L. Grad
                                            MARY L. GRAD
6 |                                         Assistant U.S. Attorney
7 |
8 | Dated: _2/14/07_                        /s/ Bradford J. Dozier
                                            BRADFORD J. DOZIER
9 |                                         Attorney for Petitioners
                                            Lloyd St. Mary and Bobbie Jean
10 |                                        St. Mary
11 |                                        (Original signature retained by
                                            attorney)
12 |
13 |                              **ORDER**
14 |       The Court having received, read, and considered the foregoing
15 | stipulation of the parties, and good cause appearing therefrom, the
16 | Stipulated Expedited Settlement is hereby APPROVED.  It is so
17 | ORDERED.
18 | Dated: February 21, 2007
19 |
20 |
21 |                              LAWRENCE K. KARLTON
22 |                              SENIOR JUDGE
                                 UNITED STATES DISTRICT COURT
23 |
24 |
25 |
26 |
27 |
28 |

6